*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GLAZE/TILLIS, Minors.

UNPUBLISHED
June 11, 2019

No. 345180
Wayne Circuit Court
Family Division
LC No. 15-520588-NA

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Respondent mother appeals as of right the order of the trial court terminating her parental rights to her minor children, SLG, SMT, SMG, EDG, and MMG, under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist), MCL 712A.19b(3)(g) (failure to provide proper care and custody), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to custody of the parent). We affirm.

## I. FACTS

This case arises out of allegations that respondent did not protect SMT from sexual abuse by respondent's boyfriend. The initial petition alleged that the boyfriend sexually abused SMT, and that when SMT informed respondent of the sexual abuse, respondent spanked the child and did not inform the authorities of the abuse. The initial petition also alleged that respondent knew that SLG and SMG had witnessed the sexual abuse of SMT, but refused to permit SLG and SMG to talk to Child Protective Services (CPS). CPS inspected respondent's home and discovered that the home had little food and was sparsely furnished. The children were removed from respondent's care, and after a jury trial regarding the allegations, the trial court assumed jurisdiction of the children.

Thereafter, respondent was provided numerous services with the objective of reunifying respondent with the children. The service plan required respondent to successfully complete and benefit from parenting classes, participate in a psychiatric evaluation and follow the recommendations, participate in individual therapy and family therapy, maintain suitable housing, maintain a legal source of income, remain in contact with her caseworker, submit random drug screens, attend all court hearings, and regularly visit the children.

-1-

After almost two years, however, respondent had failed to comply with most aspects of the service plan. Specifically, respondent had not participated in the required drug screens for several months leading up to the termination hearing. Respondent had attended only 34 of 87 scheduled visits with the children. Some of the children became upset when respondent missed a visit, but when she did attend a visit, the children sometimes expressed a desire to leave. The foster care worker described the visits respondent did attend with the children as "chaotic," and testified that respondent did not demonstrate adequate parenting skills during her visits. Respondent left one visit early, stating that the children were "too cranky" for her. Respondent missed 18 of 26 family therapy sessions that were scheduled to occur after her visits with the children. Respondent also failed to provide the foster care worker with documentation to verify employment or other source of income, nor had she permitted the foster care worker to assess her home. In addition, the children's various foster parents indicated that they were willing to adopt the children in their care. At the conclusion of the termination hearing, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j), and also found that termination was in the best interests of the children. Respondent now appeals from the order of the trial court.

## II. DISCUSSION

Respondent contends that the trial court erred by finding statutory grounds to terminate her parental rights. She also argues that termination of her parental rights was not in the best interests of the children. We disagree.

This Court "reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709-710; 846 NW2d 61 (2014). To be clearly erroneous, a trial court's determination must be more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made. *Id*. In reviewing the trial court's determination, this Court must give due regard to the unique opportunity of the trial court to judge the credibility of those witnesses who appeared before it. *Id*.; see also MCR 2.613(C).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's ruling regarding best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016).

Respondent first argues that the trial court erred by finding statutory grounds to terminate her parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). Respondent specifically argues that the trial court lacked clear and convincing evidence to terminate her parental rights under each of the statutory grounds, and that she complied with her treatment plan. The record does not support respondent's argument.

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights." *In re Ellis*, 294 Mich App at 32. In this case, the trial court found three statutory grounds to terminate respondent's parental rights, MCL 712A.19b(3)(c)(*i*), (g), and (j), by clear and convincing evidence. In relevant part, MCL 712A.19b authorizes a trial court to terminate parental rights if it finds by clear and convincing evidence that any of the following exist:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> > (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[1]
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The statutory basis to terminate a parent's parental rights under MCL 712A.19b(3)(c)(*i*) exists "when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services . . . ." *In re White*, 303 Mich App at 710 (alteration in original; citation and quotation marks omitted). Here, the initial dispositional order was entered on October 14, 2016, more than 182 days before the trial court's order terminating respondent's parental rights on June 20, 2018. At the adjudication trial, the jury returned a verdict finding that respondent neglected and refused to provide proper or necessary support to the children, the children were subject to a substantial risk of harm to their wellbeing while in respondent's care, and that respondent's home was unfit for the children because of neglect, cruelty, drunkenness, criminality, or depravity. In its written order terminating respondent's parental rights, the trial court found that respondent had failed to

---

[1] MCL 712A.19b(3)(g) was amended by 2018 PA 58, effective June 12, 2018. The previous language of that statutory section provided "The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

benefit from services, participate in drug screens, consistently visit the children, or find and maintain a stable source of income. The record supports each of these findings. Respondent failed to establish that she had a legal source of income between the adjudication and the termination of her parental rights. Respondent missed more than 50 visits with the children, 18 family therapy sessions, and 63 drug screens. Additionally, two CPS workers testified that respondent failed to comply with her service plan or benefit from parenting classes. One of the CPS employees also stated that respondent's visits with the children were unstructured; the other CPS employee opined that respondent was not fit to care for the children. Thus, the trial court did not err by terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

When examining the pre-amendment language of MCL 712A.19b(3)(g), this Court has found that "[a] parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *White*, 303 Mich App at 710. Similarly, when examining MCL 712A.19b(3)(j), this Court also held that "a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *Id*. at 711. Because respondent failed to fully participate in, benefit from, or comply with her service plan, the trial court did not err by terminating respondent's parental rights under MCL 712A.19b(3)(g)[2] and (j).

Respondent next argues that termination of her parental rights was not in the best interests of the children. "The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. In considering the child's best interests, the trial court's focus must be on the child and not the parent. *In re Moss*, 301 Mich App at 87. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. In making the determination, the trial court may rely upon evidence in the entire record, including the evidence establishing the statutory grounds for termination. *In re Trejo*, 462 Mich 341, 353-354; 612 NW2d 407 (2000), superseded by statute on other grounds as recognized in *In re Moss*, 301 Mich App at 83. Under the doctrine of anticipatory neglect, "[h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014) (alteration in original; quotation marks and citation omitted).

---

[2] The pre-amendment language of MCL 712A.19b(3)(g) was in effect at the time this case was initiated and when the termination hearing began. When the trial court issued its opinion from the bench at the conclusion of the termination hearing on June 15, 2018, and when the trial court issued its order on June 19, 2018, the amended language of the statute was in effect. A review of the record supports termination of respondent's parental rights under either version of the statute.

Furthermore, "[a] child's placement with relatives is a factor that the trial court is required to consider" when making its best interests determination, *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015), and "a child's placement with relatives weighs against termination." *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). "Relative" is defined by MCL 712A.13a(1)(j) as

> an individual who is at least 18 years of age and related to the child by blood, marriage, or adoption, as grandparent, great-grandparent, great-great-grandparent, aunt or uncle, great-aunt or great-uncle, great-great-aunt or great-great-uncle, sibling, stepsibling, nephew or niece, first cousin or first cousin once removed, and the spouse of any of the above, even after the marriage has ended by death or divorce.

Thus, a child's biological parent is not their "relative" but a child's grandparent or uncle is his or her relative. See MCL 712A.13a(1)(j); *In re Schadler*, 315 Mich App at 413.

Respondent argues that the trial court failed to address that SLG, SMG, and MMG were in relative placements in the termination order. Respondent's argument, however, is not supported by the record or the trial court's termination order. In its order, the trial court indicated that SLG and SMG were placed with their paternal grandmother and that MMG was placed with her paternal uncle. The termination order also stated that the children's "permanent placements and plans should be allowed to proceed without any further negative interference from [respondent]" and that termination of respondent's parental rights was in the children's best interests. Thus, the trial court did specifically acknowledge and consider the relative placements of SLG, SMG, and MMG in the termination order.

Respondent's argument that the trial court erred by failing to address the best interests of each of the children individually similarly fails. A trial court only needs to address the best interests of each child individually if the best interests of the children significantly differ. *White*, 303 Mich App at 715-716. Respondent failed to make any argument regarding whether the needs of the children significantly differ. The record's only indication regarding a significant difference in the needs of the children was SMT's stated desire to return to respondent's care; none of the other children expressed a desire to return to respondent's care. The trial court specifically acknowledged SMT's desire to return to respondent's care and found that SMT's bond with respondent and her desire to return to respondent's care was outweighed by the factors in favor of terminating respondent's parental rights. Thus, the best interests of the children in this case do not significantly differ and the trial court did not err by failing to address the best interests of each of the children individually.

In its written order terminating respondent's parental rights, the trial court found that termination of respondent's parental rights was in the children's best interests because of respondent's lack of progress with her parent agency treatment goals and her lack of proper parenting skills. The trial court also found that adoption was the best permanency plan for SLG, SMT, SMG, and EDG, that MMG's paternal uncle was willing to plan for her long-term care, and that SMT's bond with respondent was outweighed by the continuing risk of harm to SMT. When making its statutory basis findings, the trial court found that respondent had not benefitted from services during the three years the Department of Health and Human Services had custody

of the children. Respondent's failure to participate in drug screens, consistently visit the children, and find and maintain a stable source of income also contributed to the trial court's statutory basis findings.

The record supports the trial court's findings. Respondent failed to establish that she had a legal source of income between the adjudication and the termination of her parental rights. Respondent missed more than 50 visits with the children, 18 family therapy sessions, and 63 drug screens. Additionally, respondent failed to benefit from parenting classes and one CPS worker testified that termination of respondent's parental rights would provide permanency and stability to the children. Thus, the trial court did not err by finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica